\*\*Original filed 8/31/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL KENTREL BROWN, | ) | No. C 06-0264 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION TO STAY HABEAS PETITION WITHOUT PREJUDICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING MOTION FOR DISCOVERY |
| v. | ) | |
| | ) | |
| TOM L. CAREY, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | (Docket Nos. 1, 2, 3, 6) |

Petitioner, a California prisoner proceeding pro se, filed a motion for a stay and abeyance of his federal habeas petition, a motion for appointment of counsel, a motion for discovery, and a motion to proceed in forma pauperis. However, Petitioner has not filed an actual petition describing his state criminal conviction and identifying his claims, both exhausted and unexhausted, that he intends to raise in this Court. Accordingly, the Court will DISMISS the instant petition with leave to amend in order for Petitioner to complete his petition on the Court's habeas form and include the necessary information for review of the petition. The Court will GRANT Petitioner's motion to proceed in forma pauperis

(docket no. 6). The Court will DENY Petitioner's motion to stay the petition (docket no. 1) without prejudice. The Court will DENY Petitioner's motion for appointment of counsel and motion for discovery (docket nos. 2, 3) without prejudice.

**BACKGROUND**

It appears from the documents Petitioner has filed that he was convicted in Alameda Superior Court. On direct appeal, the California Court of Appeal affirmed the judgment and the Supreme Court of California denied review. Petitioner intends to raise additional claims in the state court and has filed a motion to stay and abey his federal petition. Petitioner also filed documentation of his requests for transcripts of the underlying state court proceedings. Petitioner filed the instant petition on January 17, 2006.

**DISCUSSION**

A.   The Merits

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

The Court cannot fairly evaluate the petition at this time. Petitioner has not filed an actual habeas petition with the Court describing his underlying state criminal conviction and his claims. Accordingly, the instant petition is DISMISSED with leave to amend so that Petitioner may clearly allege all of the claims he wishes to present, including both his exhausted claims already presented on direct appeal and his unexhausted claims he intends to

raise in a state habeas petition. The Court will allow Petitioner an opportunity to file an amended petition to correct these deficiencies. Petitioner shall file an amended petition on the enclosed form **within forty-five (45) days** of the date of this order.

B.     Motion to Stay Petition

Petitioner has filed a motion to stay the petition because he has not raised his additional claims[1] in the state court. District courts have the authority to issue stays and AEDPA does not deprive them of that authority. Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005). However, the district court's discretion to grant a stay is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Accordingly, a stay is allowed only under these conditions: (1) petitioner must show good cause for his failure to exhaust the claims prior to filing the federal case; (2) the unexhausted claims must not be "plainly meritless"; and (3) petitioner must not have engaged in "abusive litigation tactics or intentional delay." Id. Petitioner has not established these conditions in his pending motion to stay and abey the instant petition. The Court cannot grant the stay unless Petitioner shows good cause for his failure to exhaust all of his claims before filing a federal petition and shows that his unexhausted claims have merit.

In Rhines, the Supreme Court did not define good cause, so the Court is unable to offer guidance to Petitioner as to what he must show to establish good cause. He may wish to simply explain why he did not present the new claims to the state courts before filing his federal petition. As to the Rhines requirement that the unexhausted issues not be "plainly

---

[1] Petitioner does not specify his unexhausted claims.

meritless," Petitioner should note that federal habeas relief is available only for violations of the federal Constitution, of federal law, or of treaties. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).

Petitioner's motion to stay and hold his petition in abeyance (docket no. 1) is DENIED without prejudice to Petitioner's filing an amended petition containing all of the claims he wishes to present and a motion to stay the amended petition with the appropriate showings required by Rhines **within forty-five (45) days** of the date of this order.

C. Motion to Appoint Counsel

Petitioner filed a motion for appointment of counsel. Petitioner maintains that appointment of counsel is necessary because he is indigent, he is a layman at law, his case is complex and he has set forth a prima facie case for relief. Petitioner requests counsel so that counsel may prepare for an evidentiary hearing or requests for discovery. See Pet.'s Mot. at 1-2. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

The Court concludes that the interests of justice do not require appointment of counsel at this time. The Court has not yet reviewed the claims, therefore no evidentiary hearing appears necessary at this time. Accordingly, the Court denies the motion without prejudice. The motion may be renewed at a later stage of the case -- if, for instance, an evidentiary hearing becomes necessary.

Order of Dismissal with Leave to Amend; Granting Motion to Proceed in Forma Pauperis; Denying Motion to Stay Habeas Petition Without Prejudice; Denying Motion for Appointment of Counsel; Denying Motion for Discovery
P:\pro-se\sj.jf\hc.06\Brown264misc                    4

Petitioner's motion for appointment of counsel (docket no. 3) is DENIED without prejudice.

D.    Motion for Discovery

Petitioner filed a motion for discovery to obtain trial transcripts of his underlying Alameda Superior Court criminal case. Petitioner has included supporting documentation showing his requests for transcripts in the state court. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . .'" Id. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 299 (1969)); Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005). Based upon the Court's dismissal of the instant petition with leave to amend, Petitioner's motion for discovery (docket no. 2) is DENIED without prejudice. Petitioner may request discovery in his state court habeas proceeding when he presents his unexhausted claims in state court. The Court will reconsider Petitioner's motion for discovery after he has filed an amended petition identifying his exhausted and unexhausted claims.

**CONCLUSION**

1.    Petitioner's motion to proceed in forma pauperis (docket no. 6) is GRANTED.

2.    The instant petition is DISMISSED with leave to amend within **forty-five (45) days** from the date of this order. The amended petition must include the caption and civil case number used in this order (C 06-0264 JF (PR)) and the words AMENDED PETITION on the first page. The amendment shall be on the Court's form for habeas petitions, **a copy**

United States District Court
For the Northern District of California

1 **of which is enclosed with Petitioner's copy of this order.**

2 Petitioner shall take care to write clearly and legibly, so that the Court can read what he writes. He must clearly state the claims for relief that are exhausted (claims raised on direct appeal) and unexhausted (claims that he wishes to raise in the state court) challenging his underlying state court criminal conviction.

3. Petitioner's motion to stay and hold his petition in abeyance (docket no. 1) is DENIED without prejudice to Petitioner's filing an amended petition containing all of the claims he wishes to present. Petitioner also may file a renewed motion to stay the amended petition with the appropriate showings as set forth above pursuant to Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005), **within forty-five (45) days** of the date of this order.

4. Petitioner's motion for appointment of counsel (docket no. 3) is DENIED without prejudice.

5. Petitioner's motion for discovery (docket no. 2) is DENIED without prejudice.

IT IS SO ORDERED.

DATED: __8/31/06__    /S/ _____
JEREMY FOGEL
United States District Judge

Order of Dismissal with Leave to Amend; Granting Motion to Proceed in Forma Pauperis; Denying Motion to Stay Habeas Petition Without Prejudice; Denying Motion for Appointment of Counsel; Denying Motion for Discovery
P:\pro-se\sj.jf\hc.06\Brown264misc         6

A copy of this ruling was mailed to the following:

Michael Kentrel Brown
T-70229
CSP -Solano
P.O. Box 4000
Vacaville, CA  95696

Order of Dismissal with Leave to Amend; Granting Motion to Proceed in Forma Pauperis;  Denying Motion to Stay Habeas Petition Without Prejudice; Denying Motion for Appointment of Counsel; Denying Motion for Discovery
P:\pro-se\sj.jf\hc.06\Brown264misc                                7