\*\*Original filed 4/25/07\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL KENTREL BROWN, | ) | No. C 06-0264 JF (PR) |
| Petitioner, | ) ) | ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME; |
| v. | ) ) | GRANTING MOTION TO STAY PETITION; DENYING MOTION FOR |
| TOM L. CAREY, Warden | ) ) | DISCOVERY; INSTRUCTIONS TO CLERK |
| Respondent. | ) ) | |
| _____ | ) | (Docket Nos. 10, 11, 12) |

Petitioner, a California prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court initially denied Petitioner's motion to stay the instant petition and dismissed the petition with leave to amend in order for Petitioner to identify all of his claims, both exhausted and unexhausted, that he intended to raise in this Court. Petitioner has filed a motion for extension of time, an amended petition, a renewed motion to stay and abey his amended petition, and a motion for discovery. The Court will GRANT Petitioner's motion for extension of time (docket no. 10) and motion to stay the amended petition (docket no. 11). The Court will DENY Petitioner's motion for discovery (docket no. 12) without prejudice.

# BACKGROUND

An Alameda Superior Court jury convicted Petitioner of multiple counts of attempted robbery (Cal. Penal Code §§ 664, 211, 212.5(c)), robbery (Cal. Penal Code §§ 211, 212.5(c)), car jacking (Cal. Penal Code § 215) and one count of attempted escape (Cal. Penal Code § 4532(B)). With enhancements for his prior convictions, Petitioner was sentenced to a term of eighty-seven years-to-life in state prison on September 23, 2002. On direct appeal, the California Court of Appeal affirmed the judgment in 2003 and the California Supreme Court denied a petition for review in 2004. Petitioner filed a federal habeas petition and a motion to stay the petition on January 17, 2006. The Court denied Petitioner's motion to stay the instant petition and dismissed the petition with leave to amend. Petitioner filed an amended petition alleging twenty-eight claims; claims fourteen and twenty-eight are exhausted.

# DISCUSSION

A. <u>Motion for Extension of Time</u>

Petitioner filed a motion for extension of time to file an amended petition and a renewed motion to stay the amended petition. Thereafter, Petitioner filed his renewed motion to stay and an amended petition. The Court concludes that Petitioner has shown good cause for such extension. Petitioner's motion for extension of time (docket no. 10) is GRANTED.

B. <u>Motion to Stay Petition</u>

Petitioner has filed a renewed motion to stay the petition in order to raise his unexhausted claims in state court. District courts have the authority to issue stays and AEDPA does not deprive them of that authority. <u>Rhines v. Webber</u>, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. <u>Id.</u> Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and

1 that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district
2 court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a
3 petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of
4 having the federal statute of limitations expire while they are exhausting their state remedies
5 may avoid this predicament "by filing a 'protective' petition in federal court and asking the
6 federal court to stay and abey the federal habeas proceedings until state remedies are
7 exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-
8 78).

Here, Petitioner's proposed claims are cognizable under § 2254 and are not "plainly meritless." Petitioner appears to show good cause for his failure to exhaust his additional claims in state court based upon his attempts to obtain copies of his transcripts, his allegation of ineffective assistance of counsel and his appellate counsel's failure to raise these claims on direct appeal. Additionally, the Court notes that Respondent has yet to file an answer to the petition and Petitioner filed a motion to stay with his original petition in this Court. Thus, Petitioner does not appear to be intentionally delaying this action. Accordingly, Petitioner's motion to stay the instant petition to allow him to exhaust his additional claims (docket no. 11) is GRANTED. This action is hereby STAYED until thirty days after the California Supreme Court's final decision on Petitioner's additional claims, as set forth below.

C.     Motion for Discovery

Petitioner filed a motion for discovery to obtain trial transcripts of his underlying Alameda Superior Court criminal proceeding. Petitioner has included supporting documentation showing his requests for transcripts in the state court. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for

1  good cause shown grants leave to do so, but not otherwise." Good cause for discovery under
2  Rule 6(a) is shown "'where specific allegations before the court show reason to believe that
3  the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . .
4  entitled to relief . . .'" Id. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 299 (1969));
5  Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005).

6       Here, Petitioner requests transcripts of his underlying criminal case in order to present
7  his unexhausted claims to the state supreme court. However, Petitioner included a letter from
8  his appellate attorney in his petition noting that a copy of the transcripts were provided to
9  Petitioner. Additionally, the Court notes that Petitioner has presented the factual basis for his
10 unexhausted claims in his amended petition, which is all that is required at this stage of the
11 proceedings. Based upon the Court's stay of the instant petition, Petitioner's motion for
12 discovery is DENIED. Petitioner may request discovery in his state court habeas proceeding
13 when he presents his unexhausted claims in the state supreme court. Petitioner may renew
14 his motion for discovery after he has completely exhausted his state court remedies. Once
15 Petitioner has exhausted his additional claims, the Court will conduct an initial review of the
16 amended petition and order Respondent to provide a copy of all relevant proceedings from
17 the underlying state court record, if appropriate. Accordingly, Petitioner's motion for
18 discovery (docket no. 12) is DENIED without prejudice.

## CONCLUSION

20     1.    Petitioner's motion for extension of time (docket no. 10) is GRANTED.
21     2.    Petitioner's motion for discovery (docket no. 12) is DENIED without
22 prejudice.
23     3.    Petitioner's motion to stay the amended petition (docket no. 11) is
24 GRANTED, and the above-titled action is hereby STAYED until thirty days after the
25 California Supreme Court's final decision on Petitioner's additional claims.
26 \\\
27 \\\
28

*United States District Court*
*For the Northern District of California*

4. Petitioner is cautioned that if he wishes to have this Court consider his unexhausted claims, he must properly present those claims to the California Supreme Court **within thirty days** of the date this order is filed.

5. Once the California Supreme Court has issued a decision on Petitioner's additional claims, and if he has not obtained relief in state court, Petitioner shall promptly notify this Court within thirty days of the California Supreme Court's decision.

6. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

IT IS SO ORDERED.

DATED: __4/25/07_____

JEREMY FOGEL
United States District Judge

Order Granting Petitioner's Motion for Extension of Time; Granting Motion to Stay Petition; Denying Motion for Discovery; Instructions to Clerk
P:\pro-se\sj.jf\hc.06\Brown264stay        5

1  A copy of this ruling was mailed to the following:

3  Michael Kentrel Brown
   T-70229
4  CSP -Corcoran
   P.O. Box 3466
5  Corcoran, CA  93212

28 Order Granting Petitioner's Motion for Extension of Time; Granting Motion to Stay Petition; Denying Motion for Discovery; Instructions to Clerk
P:\pro-se\sj.jf\hc.06\Brown264stay          6