NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL KENTREL BROWN, | ) | No. C 06-00264 JF (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| v. | ) ) | |
| TOM L. CAREY, Warden | ) ) | |
| Respondent. | ) ) | |
| ——————————————— | ) | |

Petitioner, a California prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court granted Petitioner's motion for stay his amended petition to exhaust additional claims in the state courts on April 25, 2007. The Court reopened this action upon receipt of Petitioner's notice of exhaustion. (Docket No. 26.) Petitioner's amended petition (Docket No. 28) is now before the Court for initial review.

**STATEMENT**

An Alameda Superior Court jury convicted Petitioner of multiple counts of attempted robbery (Cal. Penal Code §§ 664, 211, 212.5(c)), robbery (Cal. Penal Code §§ 211, 212.5(c)), car jacking (Cal. Penal Code § 215) and one count of attempted escape (Cal. Penal Code § 4532(B)). With enhancements for his prior convictions, Petitioner was sentenced to a term of

eighty-seven years-to-life in state prison on September 23, 2002. On direct appeal, the California Court of Appeal affirmed the judgment in 2003 and the California Supreme Court denied a petition for review in 2004. Petitioner submitted unexhausted claims in a state petition to the state high court, which denied the petition on January 3, 2008. (See Docket No. 25.)

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief, Petitioner raises the following claims: 1) the trial judge was biased, violating Petitioner's right to due process; 2) Petitioner's confessions were not voluntary; 3) Petitioner's confessions were obtained as a result of "psychological coercion"; 4) Petitioner's confessions were improperly admitted into evidence at trial; 5) Petitioner was denied his right to confront witnesses when the trial court restricted cross-examination of a witness for the prosecution; 6) the trial court erred in denying Petitioner good time credits during sentencing; 7) Petitioner's right to a fair trial was violated when he was not permitted to present certain items into evidence; 8) Petitioner was prejudiced by prosecutor's failure to disclose impeachment evidence of a witness; 9) ineffective assistance of trial counsel for failure to investigate; 10) ineffective assistance of counsel during pre-trial matters; 11) ineffective assistance by appellate counsel; 12) jury misconduct; 13) improper

use of peremptory challenges by the prosecution during jury selection; 14) lineup was improperly suggestive; 15) prosecution witnesses committed perjury; 16) Petitioner was convicted by a jury that did not represent a fair cross section of the community; 17) the trial court improperly considered prior convictions which were not supported by admissible evidence; 18) the prosecution failed to disclose exculpatory evidence; 19) prosecutorial misconduct; 20) Petitioner was denied right to counsel prior to his participation in a lineup; 21) Petitioner was denied a free copy of the trial transcript as an indigent defendant; 22) the trial court violated due process by using prior convictions not supported by admissible evidence to enhance his sentence; 23) Petitioner was not made aware of his right to present a defense of diminished capacity by counsel or the trial judge; 24) the trial court violated Petitioner's constitutional right to a fair trial by failing to grant a continuance; 25) improper jury instructions; 26) the trial court abused its discretion by denying several of Petitioner's motions; 27) in-court identifications of Petitioner by prosecution witnesses were unconstitutionally suggestive; and 28) Petitioner was denied his right to present a defense when he was denied funds to hire expert witnesses.  Liberally construed, Petitioner's claims are cognizable under § 2254.  The Court orders Respondent to show cause why the petition should not be granted.

**CONCLUSION**

1. The Clerk shall serve by mail a copy of this order and the amended petition (Docket No. 28) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, **within ninety (90) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all

portions of the trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of the date the petition is filed.

3. Alternatively, Respondent may, within **ninety (90) days** of the date this order is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of the date the motion is filed, and Respondent **shall** file with the court and serve on Petitioner a reply **within fifteen (15) days** of the date the opposition is filed..

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 10/22/09

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL K BROWN,

         Petitioner,

  v.

TOM L CAREY, Warden,

         Respondent.

Case Number: CV06-00264 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/5/09, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Kentrel Brown T-70229
CSP-Corconar
P.O. Box 3466
3B04-201-L
Corcoran, CA 93212

Dated: 11/5/09

                                          Richard W. Wieking, Clerk